**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**

     Plaintiff,

        v.                        CR. NO. 07-318[1] (PG)

**CRUZ ROBERTO RAMOS-GONZALEZ [1],**

     Defendant.

---

**ORDER**

Pending before the Court, is defendant Cruz Roberto Ramos-Gonzalez's (hereinafter "the Defendant" or "Ramos") motion for new trial and request for evidentiary hearing (Docket No. 2685). The government requested an extension of time to file a response (Docket No. 2716), and was granted until December 12, 2011 to do so (Docket No. 2723). Nevertheless, after careful review of the Defendant's motion and the case's record, the Court believes it can decide upon the motion without the benefit of the government's opposition.

For purposes of this Order, the Court makes the factual and procedural background set forth in this Court's September 29th, 2010 Order, see Docket No. 2476. In its motion, Defendant now asserts that the jury was tainted because it was accidentally exposed to a superseding indictment that was not redacted, and thus, contained the bifurcated witness-tampering and bribery counts.[1] See Docket No. 2685. The Defendant now contends that the fact that the incorrect indictment went into the jury room during deliberations is a fundamental and prejudicial error that should prompt the Court to vacate the jury's guilty verdict and schedule a new trial. Alternatively, the Defendant proposes that the jury members be recalled for individual questioning with regards to this issue. See id.

On May 28, 2010, almost six (6) months after his conviction, the Defendant filed a "Motion Requesting Copy of Indictment Provided to the Jury During Trial," wherein he requested a copy of the indictment that was made

---

[1] On July 24, 2009, the Court ordered that Counts Seven, Eight and Nine of the Superseding Indictment as to defendants Cruz Roberto Ramos-Gonzalez, Jose Manuel Zavala-Marti, Jean Carlos Medina-Flores and Hector O. Laboy-Vega be tried subsequently to the drug-related counts. See Docket No. 1353.

available to the jury during its deliberations and expressed its concern that the indictment that was in effect delivered to the jurors was not redacted to eliminate Counts 7-9. See Docket No. 2305. The Court denied this motion and attached a sworn statement by the Courtroom Deputy that was present during the proceedings. See Docket No. 2476. Therein, the Courtroom Deputy attested to the fact that the superseding indictment was redacted to eliminate the severed counts prior to being made available to the parties' attorneys and the jury. The Court also made reference to its recollection that the indictment that was provided to the jury was taken from the government's proposed jury instructions (Docket No. 1627), which included a copy of the redacted indictment. See Docket No. 2476.

Despite the foregoing, the Defendant now claims that the Courtroom Deputy's sworn statement and this Court's recollection are insufficient to support the Court's denial of his motion and its conclusion that the indictment that was in effect provided to the jury was properly altered. See Docket No. 2685. Ironically though, in support of his request that either the verdict be vacated or the jury be recalled for interrogation, he makes reference to his own recollection of events. See Docket No. 2685 at page 2 ("The Defendant believes, based on the Defendant's best recollection, the transcripts of trial, and the absence of a redacted indictment in the official record, that all of the language of the (unredacted) Superseding Indictment about the conspiracy to tamper and bribe a government witness ... remained in the superceding indictment that impermissibly went into the jury room during its deliberations."). After careful review of this motion, however, the Court finds that the Defendant provides no support for his bare assertion. The Defendant's erred recollection is simply insufficient to ground either of his requests, particularly when all of the circumstantial evidence that stems from the record points to the fact that the jury was indeed provided with a properly redacted copy of the indictment.

In addition to the Courtroom Deputy's sworn statement and the government's proposed jury instructions referred to in our September 29th, 2010 Order (Docket No. 2476), the Court also makes reference herein to the transcript of the proceedings held on November 3, 2009, that is, the final day of trial (Day 15), which reflects the instructions this Court gave to the jury prior to deliberation. These instructions pertain only to the counts for which they actually had to render a verdict, namely, Counts 1-6 and 10. See Docket

No. 2698 at pages 12-26. The record indicates that despite not having read the redacted indictment to the jury during the instructions, the Court went on to explain the elements of violations to the relevant statutes, namely, 21 U.S.C. §§ 841(a)(1), 846, 860, 18 U.S.C. §§ 2, 924(c)(1)(A), 924(o), and forfeiture. See id. That is, the Court only discussed the drug-related and forfeiture counts of the superseding indictment. At no time did the Court refer to or discuss violations to 18 U.S.C. §§ 1512(b)(1) and (2), 1512(k), 201(b)(3) and 2, which are the statutes related to the witness-tampering and bribery counts contained in Counts 7-9 of the Superseding Indictment, see Docket No. 478, and which had been bifurcated prior to the commencement of the jury trial in question.

Finally, in support of his motion for new trial and request for evidentiary hearing, the Defendant also relies on United States v. Bradshaw, 281 F.3d 278 (1st Cir.2002), wherein the jury foreman actually informed the judge that an unredacted copy of a second superseding indictment containing the text of three severed counts had found its way into the jury room. This was simply not the case here, and thus, Bradshaw is inapposite to the matter at hand.[2]

Pursuant to the foregoing, the Court hereby **DENIES** the Defendant's motion for new trial (Docket No. 2685).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 27, 2011.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE

---

[2] In his motion, the Defendant asserts that "because this issue was **discovered** by the Defendant post trial, [he] could not request that the Court conduct a timely investigation to determine the magnitude of the prejudice resulting from the presence of the unredacted indictment in the jury room and the potential efficacy of steps that might be taken to eradicate the prejudice." Docket No. 2685 at page 6 (emphasis ours). However, as previously stated, the Defendant has not "discovered" anything and simply bases his motion on his own erred recollection.